UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE ANDREWS,

    Petitioner,                        Civil No. 2:24-CV-10994
                                                 HONORABLE SEAN F. COX

v.

ERIC RARDIN.

    Respondent.
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Jessie Andrews, ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' (BOP) refusal to apply his earned time credits under the First Step Act (FSA) toward early release to pre-release custody. For the reasons stated below, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is SUMMARILY DISMISSED.

**I. Background**

On November 15, 2005, Petitioner pleaded guilty in the United States District Court for the Western District of Missouri to conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base and an amount of cocaine,

1

in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(a) and 846 and 21 U.S.C. § 851, and possession of firearms in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(A)(I).  Petitioner was sentenced to consecutive prison sentences of ninety-four months on the drug conviction and thirty months on the firearms conviction.  Petitioner was also sentenced to five years supervised release on the drug conviction and three years on the firearms conviction. *United States v. Andrews,* No. 4:05-cr-00029 (W.D. Mo. Feb. 26, 2007).[1]  Upon his discharge from prison, Petitioner was placed on supervised release, which was later revoked.

On February 9, 2017, Petitioner pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846, and felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  Petitioner was sentenced to one hundred and twenty months in prison on both offenses, the sentences to run concurrent to each other but consecutive to the sentence imposed in Case No. 4:05-cr-00029. *United States v. Andrews,* No. 4:15-cr-00380-01 (W.D. Mo. June 26, 2017).[2]

---

[1] https://mowd-ecf.sso.dcn/doc1/10911031442. The Court obtained some of the information concerning Petitioner's convictions and sentences off of the PACER (Public Access to Court Electronic Records) system. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014).  A federal district court is also permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith*, 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

[2] https://mowd-ecf.sso.dcn/doc1/10916372067.

Petitioner seeks habeas relief, claiming that the BOP has arbitrarily denied him his earned time credits toward early release, to supervised release, or pre-release custody under the First Step Act. Petitioner alleges that he was informed by the BOP that he is ineligible to receive FSA credits because of his 2005 conviction for possession of a firearm in relation to a drug trafficking crime. Although acknowledging that defendants convicted of firearms convictions under § 924(c) are ineligible to receive FSA credits, Petitioner essentially argues this is only applicable if the inmate's current conviction involves a disqualifying offense. Petitioner argues that his current conviction from 2017 involves offenses that do not disqualify him from consideration for FSA credits, accordingly, the BOP should be ordered to grant Petitioner FSA credits.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). The petition is subject to summary dismissal because it is facially insufficient to grant habeas relief. *See Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

3

A conviction under 18 U.S.C. § 924(c) for possession of a firearm in furtherance of a drug trafficking crime, like the one Petitioner received in 2005, renders a defendant ineligible to receive earned time credits under the First Step Act, because prisoners are not eligible to receive these earned time credits if they are serving a sentence for certain convictions, including a conviction under § 924(c). *See Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, at *1 (6th Cir. Nov. 22, 2023)(citing 18 U.S.C. § 3632(d)(4)(D)(xxii)).

Petitioner acknowledges this fact but argues that this exclusion only applies if this involves the federal inmate's current conviction, not a prior conviction. Petitioner indicates that although 18 U.S.C. § 3632(d)(4)(D) allows the BOP to deny FSA credits to inmates based on certain prior convictions, possession of a firearm in relation to a drug trafficking crime is not one of the enumerated offenses.

Petitioner misconstrues his 2005 firearms conviction as being a prior conviction and sentence. Petitioner was sentenced in 2017 by the judge in the Western District of Missouri to twenty-four months in prison on his 2005 convictions after his supervised release was revoked and one hundred and twenty months in prison on his 2017 convictions. Petitioner's sentence in his 2005 case was ordered to be served consecutively to the sentence in his 2017 case. "Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment." 18 U.S.C. §

4

3584(c). "Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences." *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024). It is proper for the BOP to aggregate consecutive sentences for the purpose of determining whether a prisoner is eligible for FSA credits. *Id.* In *Martinez,* the Fifth Circuit rejected the petitioner's argument that he was improperly denied FSA credits because he was not currently serving a disqualifying sentence. The Fifth Circuit found that the petitioner had been convicted in Mexico for aggravated homicide, a disqualifying offense, and that it was proper for the BOP to aggregate this sentence with two subsequent and unrelated federal convictions which did not involve disqualifying offenses. The Third Circuit reached the same conclusion. *See Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023), *cert. denied.* 144 S. Ct. 873 (2024)(affirming district court's denial of inmate's § 2241 petition seeking earned time credit under the FSA where inmate's consecutive sentences from two separate cases included one for a disqualifying conviction under § 3632(d)(4)(D)).

Although the Sixth Circuit has yet to address the issue of aggregating sentences from different cases, the Sixth Circuit held in *Keeling* that the district court on initial screening properly denied the petition after finding that the petitioner was ineligible for earned time credit under the FSA because his aggregate sentence

includes a sentence for a § 924(c) conviction that was ordered to be served consecutive to other sentences from the same case. *Keeling v. Lemaster*, 2023 WL 9061914, at *1.

The BOP properly denied Petitioner FSA credits based on his 2005 conviction for possession of firearms in relation to a drug trafficking crime, because prisoners are not eligible to receive these earned time credits if they are serving a sentence for a conviction under § 924(c). *See Keeling v. Lemaster*, 2023 WL 9061914, at *1. Because Petitioner was ordered to serve the sentence on his 2005 case consecutively to the sentence in his 2017 case, it was proper for the BOP to aggregate these two sentences, for purposes of the First Step Act, and conclude that Petitioner is ineligible to receive credits under the FSA. Petitioner is not entitled to habeas relief.

### III. Conclusion

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DISMISSED**. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court will grant Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

Dated: June 28, 2024          s/Sean F. Cox  
                                              Sean F. Cox  
                                              U. S. District Judge

I hereby certify that on June 28, 2024, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                              s/Jennifer McCoy  
                                              Case Manager